**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kenneth R. Gainey, Appellant,

v.

Timothy M. Gainey, Respondent.

Appellate Case No. 2015-000904

———————

Appeal From Lancaster County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-334
Submitted April 1, 2016 – Filed June 29, 2016

———————

**AFFIRMED**

———————

Philip E. Wright, of Lancaster, for Appellant.

Lucy L. McDow, of Rock Hill, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 331-32, 732 S.E.2d 166, 171 (2012) ("When reviewing the trial court's ruling on a motion for a directed verdict or a JNOV, this [c]ourt must apply the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* at 332, 732 S.E.2d at 171 ("The trial court must deny a motion for a directed verdict or JNOV if the evidence yields more

than one reasonable inference or its inference is in doubt."); *id.* ("Moreover, '[a] motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict.'" (alteration in original) (quoting *Gastineau v. Murphy*, 331 S.C. 565, 568, 503 S.E.2d 712, 713 (1998))); *id.* ("An appellate court will reverse the trial court's ruling only if no evidence supports the ruling below."); *id.* ("In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.